

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,110-01

### EX PARTE JOHN RICHARD SMITH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1395401-A IN THE 263RD DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to fifty-eight years' imprisonment. The First Court of Appeals affirmed his conviction. *Smith v. State*, No, 01-15-01055-CR (Tex. App. — Houston [1st Dist.] March 9, 2017) (not designated for publication).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

because counsel failed to seek testing of the gun used in the offense for the victim's fingerprints, failed to seek gunshot residue testing of the victim's hands, failed to interview or call a potential witness, and failed to consult with or present testimony from an expert witness to refute the State's theory that the victim was lying in bed when she was shot.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall state whether he considered requesting fingerprint testing of the weapon used in the offense, and testing of the gunshot residue kit taken from the victim's hands, and if not, why not. Trial counsel shall state whether he sought out or interviewed witness "George" who was present at the scene of the offense, and whether he considered calling "George" to testify at trial. Trial counsel shall state whether he consulted with an expert witness or considered calling an expert to testify at trial to refute the State's theory and support Applicant's account of where the victim was when she was shot. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient

performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed: March 21, 2018
Do not publish